# United States Bankruptcy Court
# Middle District of Alabama

IN RE: DAVID A CULLIFER   CASE NO.   19-80891
       JENNIFER D CULLIFER

              Debtor(s)

## CHAPTER 13 PLAN

Date   11/11/2019

[✓] **Check If Amended Plan**

## 1. NOTICES

**1.1. Creditor Notices**

**CREDITOR'S RIGHTS WILL BE AFFECTED BY THIS PLAN.** You should carefully read this and other documents sent to you, and discuss them with your attorney.

**TO FILE AN OBJECTION TO CONFIRMATION.** An objection to confirmation must be filed not later than seven days prior to the date fixed for the confirmation hearing. The document must state with particularity the grounds for the objection.

**PROOFS OF CLAIM.** Creditors must file a timely proof of claim to be paid under this plan. Confirmation of this plan does not bar the debtor, trustee, or a party in interest from objecting to a claim. Confirmation of this plan does not constitute the allowance or disallowance of the amount of the creditor's claim, but it does control how the claim will be paid under the plan.

| | | |
|---|---|---|
| 1.1.1 | A limit on the amount of a secured claim which may result in a partial payment or no payment at all to the secured creditor, set out in paragraph 5.1. If the Included box is checked, the plan must be served on the affected creditor. Rule 3012, F.R. Bankr. P. | [ ] Included  [✓] Not Included |
| 1.1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in paragraph 6. If the Included box is checked, the plan must be served on the affected creditor. Rule 4003, F.R. Bankr. P. | [ ] Included  [✓] Not Included |
| 1.1.3 | Nonstandard provisions, set out in paragraph 17. | [✓] Included  [ ] Not Included |

## 2. PAYMENT AND LENGTH OF PLAN

Debtor shall pay   $370.00   per   week   to the chapter 13 trustee beginning   .

The length of the plan is   60   months.  Other payment provisions:

## 3. FILING FEES

**The filing fee as prescribed by Local Rule 1006-1 shall be paid as follows:**

[ ] Filing fee paid in full directly to the clerk of court with the petition.
[ ] Filing fee is being paid in installments directly to the clerk of court.
[✓] Filing fee is being paid in installments through this plan as follows:
    Total filing fee:                                                                                      $310.00
    Initial installment paid with filing of petition:                                           $50.00
    Remaining balance to be paid through the chapter 13 plan:           $260.00

### 4. ATTORNEY'S FEES FOR DEBTOR'S BANKRUPTCY COUNSEL

The following attorney's fees shall be paid through the debtor's plan payments:

| | |
|---|---|
| Total attorney fee: | $3,750.00 |
| Amount paid by the debtor directly to attorney prior to filing: | $0.00 |
| Net attorney fee being paid through the chapter 13 plan disbursements: | $3,750.00 |

### 5. SECURED CLAIMS

#### 5.1 SECURED CLAIMS PAID THROUGH THE TRUSTEE WHERE PLAN LIMITS VALUE OF COLLATERAL

☑ None.

#### 5.2 SECURED CLAIMS PAID THROUGH THE TRUSTEE WHERE VALUE IS NOT MODIFIED

The claims listed below were either (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor, or (2) incurred within 365 days of the petition date and secured by a purchase money security interest in any other thing of value. The debtor proposes that the trustee make adequate protection payments prior to the confirmation of this plan pursuant to 11 U.S.C. § 1326(a)(1) to the following creditors indicated below holding a purchase money security interest in personal property. Only those creditors entitled to 11 U.S.C. § 1326(a)(1) adequate protection payments will receive pre-confirmation payments through the debtor's payments to the trustee. The trustee shall commence making such payments to creditors holding allowed claims secured by an interest in personal property consistent with the trustee's distribution process and only after the timely filing of proofs of claim by such creditors. The trustee shall receive the percentage fee fixed under 28 U.S.C. § 586(e) on all adequate protection payments. Pre-confirmation adequate protection payments shall be applied to the principal of the creditor's claim. Upon confirmation of this plan, all secured creditors will receive adequate protection payments as set out below along with the payment of the debtor's attorney's fees. At such time as the debtor's attorney's fees have been paid in full, creditors' claims shall be paid the specified monthly plan payments on the terms and conditions listed below as required under 11 U.S.C. § 1325(a)(5). Claims being paid under this section of the plan will not be affected by 11 U.S.C. § 506 and will be paid pursuant to 11 U.S.C. § 1325(a)(5).

| Creditor | Collateral Description | Amount of Debt | Collateral Value | Interest Rate | § 1326 PMSI Adeq Prot? Yes/No | Adeq Prot Pymt | Specified Monthly Payment |
|---|---|---|---|---|---|---|---|
| BBVA- COMPASS | 2017 Dodge | $41,153.00 | $31,825.00 | 4.50 % | Yes | $415.00 | $800.00 |
| PERFORMANCE | 2014 Harley | $12,315.00 | $12,170.00 | 4.50 % | Yes | $125.00 | $300.00 |

### 6. LIEN AVOIDANCE

 None.

### 7. SURRENDERED PROPERTY

The debtor surrenders the following collateral. Upon confirmation, the automatic stay (including the co-debtor stay) is lifted as to surrendered collateral. Any secured claim submitted by such creditor will receive no distribution under this plan until an amended proof of claim reflecting any deficiency balance remaining following surrender, if applicable, is filed by such creditor.

| Creditor | Collateral Description | Amount of Debt | Value of Collateral |
|---|---|---|---|
| GROW FINANCIAL | 2015 Nissan | $31,807.00 | $100.00 |
| AMERICA'S FIRST CU | 2019 Polaris | $19,150.00 | $100.00 |

8. **CURING DEFAULTS**
    Pursuant to 11 U.S.C. § 1322(b)(5), the debtor shall cure defaults with respect to the creditors indicated below. The trustee shall pay through this plan the allowed claims for arrearages at 100%. Unless otherwise ordered by the court, the amount of default to be cured under this provision shall be the amount of the allowed claim filed by the creditor. The amount of arrearage listed herein is an estimate, and in no way shall this estimate limit what the trustee shall distribute to said creditor under this plan to cure the default.

| Creditor | Collateral Description | Amount of Arrearage | Interest Rate | Monthly Payment |
|---|---|---|---|---|
| WELLS FARGO | Family Home | $2,899.00 | 0.00 % | $200.00 |

9. **DIRECT PAYMENTS**
    The following secured creditors or holders of long-term debt will be paid directly by the debtor to the creditor. The debtor shall make all 11 U.S.C. § 1326 pre-confirmation adequate protection payments directly to the following creditors pursuant to the terms of the contract with the creditor. The debtor shall continue to make all payments to the creditor directly pursuant to the terms of the contract following the confirmation of the debtor's plan.

| Creditor | Collateral Description | Amount of Debt | Value of Collateral | Date Payment to Resume | Direct Payment Amount |
|---|---|---|---|---|---|
| WELLS FARGO | Family Home | $204,776.00 | $154,300.00 | 07/01/2019 | $1,462.00 |
| WORLD OMNI | 2016 Jeep - paid direct by codebtor | $11,160.00 | $11,500.00 | CURRENT | $285.00 |
| MIDWAY AUTO | 98 Jeep - paid direct by codebtor | $3,500.00 | $1,323.00 | CURRENT | $275.00 |

10. **LONG-TERM DEBTS MAINTAINED THROUGH PLAN**
    The debtor proposes that the trustee maintain the following long-term debts through the plan. Prior to confirmation of this plan, the trustee shall make adequate protection payments to all of the following long term creditors indicated below. The trustee shall commence making such payments to creditors holding allowed secured claims consistent with the trustee's distribution process and only after the timely filing of proofs of claim by such creditors. The trustee shall receive the percentage fee fixed under 28 U.S.C. § 586(e) on all payments. Upon confirmation of this plan, said long term creditors will receive payments as set out below along with the payment of the debtor's attorney's fees. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Rule 3002(c), Federal Rules of Bankruptcy Procedure, or any notice of payment change filed under Rule 3002.1(b), Federal Rules of Bankruptcy Procedure, control over any contrary amounts listed below as to the current installment payment. In the absence of a contrary claim timely filed, the amounts stated below are controlling.

| Creditor | Collateral Description | Amount of Debt | Collateral Value | Monthly Payment |
|---|---|---|---|---|
|  |  | $ | $ | $ |

11. **DOMESTIC SUPPORT OBLIGATIONS**

     None.

12. **PRIORITY CLAIMS (Excluding Domestic Support Obligations)**
    The debtor will pay all priority claims including the following pursuant to 11 U.S.C. § 507 unless a claimant expressly agrees otherwise. See 11 U.S.C. § 1322(b)(10).

| Claimant | Type of Priority | Interest Rate (if applicable) | Scheduled Amount | Monthly Payment |
|---|---|---|---|---|
|  |  |  |  |  |

| | Creditor | Description | Rate | Amount | Payment |
|---|---|---|---|---|---|
| +/− | AL DEPT REVENUE | 2016 taxes | 0.00 % | $5,500.00 | $100.00 |

### 13. EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Executory contracts and unexpired leases receive the following designated treatment. For all executory contracts and unexpired leases being assumed by the debtor pursuant to this plan, the debtor shall make all pre-confirmation 11 U.S.C. § 1326 adequate protection payments directly to the lessors pursuant to the terms of the contracts. For all contracts assumed, following the confirmation of the debtor's plan the debtor shall continue to make all payments directly to the creditors pursuant to the terms of the contracts. Upon confirmation, the automatic stay (including the co-debtor stay) is lifted as to rejected contracts or leases. Any claim submitted by such creditor will receive no distribution under this plan until an amended proof of claim reflecting any deficiency balance remaining following rejection, if applicable, is filed by such creditor.

| | Creditor | Collateral Description | Reject | Assume |
|---|---|---|---|---|
| +/− | | | ☐ | ☐ |

### 14. SPECIALLY CLASSIFIED UNSECURED CLAIMS

The following claims shall be paid as specially classified unsecured claims and shall receive the following designated treatment:

| | Creditor | Amount of Debt | Amount of Debt to be Specially Classified | Interest Rate | Monthly Payment |
|---|---|---|---|---|---|
| +/− | | $ | $ | % | $ |

### 15. UNSECURED CLAIMS

☑ POT Plan: Allowed non-priority unsecured claims shall be paid through pro rata participation of $ 34,388 for the benefit of unsecured creditors, or until all allowed claims are paid in full.

If the selected plan's dividend to unsecured creditors is less than 100%, the debtor proposes to pay to the trustee all projected disposable income for the applicable commitment period for the benefit of unsecured creditors as required by 11 U.S.C. § 1325(b).

### 16. OTHER PLAN PROVISIONS

(a) Lien Retention: Allowed secured claim holders shall retain liens until the liens are released or upon completion of all payments under this plan unless specified in paragraph 6.

(b) Vesting of Property of the Estate:

☑ Property of the estate shall remain property of the estate subsequent to confirmation of this plan.

All property of the estate, whether it remains in the estate or revests with the debtor upon confirmation of the plan, shall remain in the debtor's possession and control. Subject to the requirements of 11 U.S.C. § 363, the debtor shall have use of property of the estate.

(c) Direct Payments by Debtor: Secured creditors and lessors to be paid directly by the debtor may continue to mail to the debtor the customary monthly notices or coupons notwithstanding the automatic stay.

### 17. NONSTANDARD PROVISIONS

Under Rule 3015(c), Federal Rules of Bankruptcy Procedure, nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in or deviates from this plan. Nonstandard provisions set out elsewhere in this plan are ineffective.

The following plan provisions will be effective only if "Included" is selected in paragraph 1.1.3.

11-11-19: Third amended plan increases the amount owed on Wells Fargo (claim 11). Prior objection withdrawn as resolved and issue moot.

Amended plan adds nonstandard provisions, removed interest on mtg arrears and reduces arrearage, reduces weekly payments. Ds dispute escrow shortage included within arrearage claim. Second amended plan increases the pot $34,388.

17-1. The debtor reserves the right to object to any proof of claim that is not filed in strict compliance with Rule 3001 of the Bankruptcy Rules and furthermore reserves any and all claims, causes of action, offsets, or defenses the debtor may have with respect to any such claim. Furthermore, to the extent a filed proof of claim is inconsistent with this plan or with any of the Schedules or Statements filed in this case, then and in that event the debtor reserves the right to object and to pursue any and all legal claims related to or arising out of the transactions or occurrences giving rise to and otherwise related with the said claim or claims.  The debtor also reserves to the estate or the debtor all claims or causes of action he may have, could have or might have based on any claim filed with the trustee in this case by any creditor, assignee or transferee and nothing in this plan or in these Schedules shall be deemed a waiver of any such claims or causes of action.

17-2.  All contractual provisions regarding arbitration or alternative dispute resolution are rejected in connection with the administration of this chapter 13 case.

17-3. Retention of Consumer Rights Causes of Action:  Confirmation of this plan shall constitute a finding that the debtor does not waive, release or discharge but rather retain and reserve for him or herself and the chapter 13 trustee any and all pre-petition claims and any and all post-petition claims that they could or might assert against any party or entity arising under or otherwise related to any state or federal consumer statute or under state or federal common law including but not limited to fraud, misrepresentation, breach of contract, unfair and deceptive acts and practices, retail installment sales act violations, Truth in Lending violations, Home Equity Protection Act violations, Real Estate Settlement Protection Act violations, Fair Debt Collection Practices Act violations, Fair Credit Reporting Act violations, Equal Credit Opportunity Act violations, Fair Credit Billing Act violations, Consumer Leasing Act violations, Federal Garnishment Act violations, Electronic Funds Transfer Act violations, and any and all violations arising out of rights or claims provided for by Title 11 of the United States Code, by the Federal Rules of Bankruptcy Procedure, or by the Local Rules of this Court.

17-4.  Standing for Consumer Rights Causes of Action:  Confirmation of this plan shall vest in the debtor full and complete standing to pursue any and all claims against any parties or entities for all rights and causes of action provided for under or arising out of Title 11 of the United States Code including but not limited to the right to pursue claims for the recovery of property of this estate by way of turnover proceedings, the right to recover pre-petition preferences, the right to pursue automatic stay violations, and the right to pursue discharge violations.

17-5.  Unless otherwise ordered by the Court, if debtor has a pre-petition (or acquires a post-petition) claim or cause of action against another, or reason to sue someone else, or is a member of a class action lawsuit, debtor pledges the net, non-exempt proceeds of any such claim, lawsuit, cause of action, etc. to the trustee to the extent necessary to comply with 11 U.S.C. § 1325(a)(4), best interest and disposable income tests.

17-6. Important Notice to Judgment Creditors: Judgment creditors with recorded judgments who file a proof of claim as unsecured shall be judicially estopped from enforcing any non-avoided judicial lien after discharge is entered in this case. Any judgment creditor covered by this provision shall be deemed to have released any judicial lien upon discharge being entered in this case, and in the absence of a Court order, the following documents collectively may be recorded as evidence of a release of any such judicial lien: Bankruptcy petition, schedules and statement of affairs; Chapter 13 Plan; Order confirming plan; Proof of Claim filed by any such creditor; Motion for Discharge; and the Chapter 13 Discharge order.

17-7. Notwithstanding anything to the contrary, failure of a creditor to attach written documentation to a proof of claim when such claim involves a debt based on a writing shall cause any such claim to be deemed disputed, such claim shall not constitute prima facie evidence of the validity and/or  amount of the claim,  and such claim  shall be  subject to disallowance upon written objection, notice, and opportunity to be heard.  The debtor(s) reserves the right to object to any proof of claim that is not filed in strict compliance with Rule 3001, Federal Rules of Bankruptcy Procedure, and furthermore reserves any and all claims, causes of action, offsets, recoupments or defenses the debtor(s) may have with respect to any such claim.  Furthermore, to the extent a filed proof of claim is inconsistent with this Plan or with any of the Schedules or Statements filed in this case, then and in that event the debtor(s) reserves the right to object and to pursue any and all legal claims related to or arising out of the transactions or occurrences giving rise to and otherwise related to the said claim or claims.  To the extent the debtor raises an objection to a filed proof of claim, or to a notice of transfer of a filed claim, or files any adversary proceeding related to such an original claim or a transferred claim, then and in that event this plan shall be deemed to be automatically amended so as to indicate that such a claim is disputed, contingent and unliquidated.  The debtor also reserves to the estate of the debtor(s) all claims or causes of action he or it may have, could have or might have based on any claim filed with the Court in this case by any original creditor, ALMB 3 (Rev 12/17) Page 6 of 7 assignee, purchaser, agent or transferee and nothing in this Plan or in these Schedules shall be deemed a waiver or release of any such claims or causes of action.

17-8. Confirmation of the plan shall impose a duty on mortgage creditors and/or mortgage servicers of such creditors, with respect to application of mortgage and mortgage-related payments, to comply with the provisions of 11 U.S.C. § 524(i).   All mortgage creditors and/or servicers for mortgage creditors shall have an affirmative duty to do the following upon confirmation of the plan: (A) Properly apply all post-petition payments received directly from the debtor only to post-petition payments unless otherwise ordered by the court; (B) Refrain from assessing or adding any additional fees or charges to the loan obligation of the debtor based solely on a pre-petition default; (C) Refrain from assessing or adding any additional fees or charges to the loan obligation of the debtor (including additional interest, escrow, and taxes) unless notice of such fees and charges has been timely filed pursuant

to the applicable Federal Rule of Bankruptcy Procedure and a proof of claim has been filed and has not been disallowed upon objection of the chapter 13 trustee or the debtor; (D) To the extent that any post-confirmation fees or charges are allowed pursuant to the applicable Federal Rule of Bankruptcy Procedure and are not added to the plan, to apply only payments received directly from the debtor and designated as payments of such fees and charges only to such fees and charges.

17-9 Standing Stay Modification: The automatic stay provided in 11 U.S.C. § 362(a) is modified in Chapter 13 cases to permit affected secured creditors to contact the Debtor about the status of insurance coverage on property used as collateral and, if there are direct payments being made to creditors, to allow affected secured creditors to contact the Debtor in writing about any direct payment default and to require affected secured creditors to send statements, payment coupons, or other correspondence to the Debtor that the creditor sends to its nonbankruptcy debtor customers. Such actions do not constitute violations of 11 U.S.C. § 362(a).

**18. SIGNATURES OF DEBTOR AND DEBTOR'S ATTORNEY**

If the debtor does not have an attorney, the debtor must sign below. If he or she does have an attorney, the debtor's signature is optional. The debtor's attorney, if any, must sign below.

/s/ David A Cullifer
Signature of Debtor

Executed on 11/11/2019

/s/ Jennifer D Cullifer
Signature of Joint Debtor

Executed on 11/11/2019

/s/ Marsha C. Mason
Signature of Attorney for Debtor(s)

Executed on 11/11/2019

**By filing this document, the debtor and his or her attorney (if applicable) certify that the wording and order of the provisions in this chapter 13 plan are identical to those contained in ALMB Local Form 3, other than any nonstandard provisions included in paragraph 17.**